The question thus presented is not without difficulty.

The case of Hunt v. State, 94 Tex. Cr.R. 155, 250 S.W. 168, is, in many respects, similar to the instant case. There the instrument used was a small knife. The injuries inflicted were cut wounds upon the throat and neck, which occurred in a fight, and in which the accused expressed an intention to kill. The court held such facts insufficient to authorize the conviction of assault with intent to murder. As supporting the conclusion reached, the court cited, among other cases, that of Fregia v. State, 79 Tex.Cr.R. 334, 185 S.W. 11, 12, wherein the court restated the rule announced in Branch's Criminal Law, § 517, as follows:

"If weapon is not shown to be deadly, or wounds serious, it is not assault to murder, though defendant said he intended to kill; the desire to kill is not proof that weapon was deadly."

The Hunt case, supra, and the rule stated have been followed and approved in Sofge v. State, 133 Tex.Cr.R. 409, 111 S.W.2d 720; Dodd v. State, 134 Tex.Cr.R. 26, 113 S.W.2d 540; Lozano v. State, 138 Tex.Cr.R. 549, 137 S.W.2d 1031; Pleasant v. State, 140 Tex.Cr.R. 267, 144 S.W.2d 545.

In the light of the adjudicated cases, the conclusion is reached that ap-

pellant's contention that the facts are insufficient to authorize the conviction should be sustained. In reaching this conclusion, we are not unmindful of the fact that this court has always been hesitant to disturb the verdict of the jury. But, where the evidence fails to measure up to that required by law to show the guilt of the accused, it becomes our duty to say so.

The judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## WADDLE v. STATE.
No. 22283.

Court of Criminal Appeals of Texas.

Nov. 11, 1942.

Marvin Beaty, of Fort Worth, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for burglary, punishment assessed at 12 years in the penitentiary.

Neither statement of facts nor bills of exception are found in the record. In such condition nothing is presented for review.

The judgment is affirmed.